RALPH RICHARDS and THE FLORIDA NATIONAL BANK OF JACKSONVILLE, as Co-Executors of the Estate of George W. Glaze, Deceased, v. FRANK B. BYRNES: GLADYS M. WALLIS, as Curator of Ester Glaze, an incompetent person; MARY NELSON, MARY GLADYS WALLIS: and WEST COAST HOSPITAL ASSOCIATION, a non-profit corporation operating and MORTON F. PLANT HOSPITAL.

15 So. (2nd) 610                                          June Term, 1943
November 23, 1943                                          Division A

*Ralph Richards,* for plaintiffs.
*Lincoln C. Bogue,* for defendants.

TERRELL, J.:

Suit was instituted in the circuit court seeking a declaratory judgment construing the will of George W. Glaze. The controversy is between the executors of the estate on the one hand the curators of the incompetent wife of the testator and the representatives of one of the beneficiaries under the will on the other.

The circuit court under Rule 38 of the Rules of the Court has certified the following question for determination: What portion of the furnishings and equipment for the home constitute or go to make up the homestead as contemplated by Article X of the Constitution, the pertinent part of which is as follows:

"Section 1. A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists."

It is admitted that George W. Glaze was a resident of Pinellas County, that he died testate April 13, 1943, leaving his widow an incompetent and no children surviving him. His will devised his estate in trust for the benefit of his wife during her life and at her death the remainder to Frank B. Byrnes of New York City. It is further admitted that the will in no wise affected the homestead which descended to the widow, that the furnishings in the home were appraised

at $7959.50 and consisted of paintings, etchings, statutory, rugs, draperies, silverware, china, linens, and furniture.

Attorneys for the curator of the widow contend that the homestead consists of the dwelling and other improvements on the real estate, all the furnishings used as a part of the household by the head of the family during its occupancy, while counsel for the trustee and the beneficiary contends that the homestead is limited to one half acre of land with the buildings thereon, and one thousand dollars worth of personal property.

It is quite 'true that this Court has repeatedly held that the homestead law should be liberally construed in the interest of the family. We do not depart from the holding; at the same time the content of the homestead cannot be construed as extending beyond the plain words of the Constitution creating it. Section 1 of Article X limits it to 160 acres of land, or the half of one acre in an incorporated city or town owned by the head of the family residing in this State together with one thousand dollars worth of personal property and the improvements on the real estate.

The personal property may be in cash, furnishings, or any other personalty owned by the head of the family at his death but cannot exceed in value more than one thousand dollars and may be designated by the court something after the manner provided in Sections 222.07 and 222.08, Florida Statutes of 1941. The homestead in this case was within the corporate limits of the City of Clearwater so the real estate was limited to one half acre and improvements thereon. Any other interpretation would subject the homestead to an unending source of abuse.

The question certified is in contemplation of Rule 38. Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So. (2nd) 782. The point raised was without precedent so certificate is granted and the question certified answered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.