**FLORIDA INDUSTRIAL COMMISSION, a duly authorized State Agency, v. D. C. COLEMAN, as Sheriff of Dade County, Florida, and GEORGE GRAVERO AND SONS.**

18 So. (2nd) 905

July 25, 1944

June Term, 1944

Division B

*J. Tom Watson,* Attorney General, *Howard S. Bailey,* Assistant Attorney General, *Burnis T. Coleman, John P. Mack* and *S. Sherman Weiss,* for appellant.

*Morehead & Pallot,* for appellees.

*John W. Muskoff,* as amicus curiae.

BUFORD, C. J.:

On appeal we review decree of the Circuit Court in and for Dade County, Florida, which is as follows:

"This matter comes on before this Court upon the bill and the motion to dissolve the temporary injunction and motion to dismiss the bill.

"The plaintiff's claim against the defendant, George Cravero and Sons, is by reason of a general tax warrant issued by the Florida Industrial Commission. It was levied by the sheriff upon certain property to which the defendant George Cravero, claims to be exempt under Section 1 of Article X of the State Constitution.

"The beneficent purpose of homestead exemption to the head of a family is well recognized.

"Rules of Construction. Statutory and constitutional provisions for homestead exemption from forced sale draw a liberal interpretation for the homestead claimant.

"Section 1 of Article X, after providing for homestead exemptions further states:

" 'But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purpose of *said property,* or for the erection or repair of improvements *on the real estate exempted,* or for house, field or other labor performed on the same.' (Italics supplied). Sec. 1, Art X, Const. of Florida.

"Disregarding the purpose and intent of this section and treating only with the above quoted words it would follow that a homestead could not only be made liable for taxes against it but might also be made liable for other taxes on other property or *any* taxes due by the same owner, and without offending the letter and words of this quoted language. The quoted language does not read 'any other taxes' or 'any taxes.' Neither does the Constitution provide that 'no property shall be exempt for liability for any taxes.' Broom's Legal Maxims, quoting Coke on Littleton states a maxim relating to *intent* that 'He who considers merely the letter of an instrument goes but skin deep into its meaning.', which principle relates to two other maxims:

" 'That general words may be restrained by reference to the subject matter.' Brooms Legal Maxims 347, and 'That he who too minutely regards the form of expression takes but a superficial and, therefore, probably an erroneous view of instrument.' See also Crawford on Statutory Construction, page 245, et seq. The linguistic and grammatical construction is of great importance but even this is subject to the rule that legislative intent as gleaned from the entire provision shall control and especially so when violence is not done to the literal expression. The interpretation of laws permits and often requires more than the mere pedantic application of the rules of grammar.

"It is my conclusion that property exempt as a homestead is only liable for 'taxes or assessments' against it. Wherefore, It Is Ordered and Decreed that the motion to dissolve the injunction and dismiss the bill shall stand granted and said bill dismissed unless the plaintiff shall amend within thirty days. Done and Ordered this 6th day of March, 1944."

The record shows that an automobile was levied upon and taken into possession by the Sheriff of Dade County, Florida, under the provisions of Chapter 443 Fla. Stat. 1941 (same F.S.A.) and especially under sub-section (3) Sec. 443.15 of said statute.

After the issuance of the warrant and seizure thereunder the appellee here filed claim of exemption under the provision of Article X of the Constitution. Thereupon this suit was

filed to enjoin the Sheriff from releasing the property (an automobile) under the claim of exemption. Temporary restraining order was entered and thereafter dissolved..

The statute, supra, provides, inter alia: "and thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest, whether legal or equitable, in any real property, chattels real or personal property of such employer against whom such warrant is issued, in the same manner as a judgment duly docketed in the office of such circuit court clerk with execution duly issued thereon and in the hands of the sheriff for levy, and such lien shall be prior, preferred and superior to all mortgages of other liens, filed or recorded subsequent to the date such contribution lien becomes effective. Such sheriff shall thereupon proeed upon the same in all respects, with like effect and in the same manner prescribed by law in respect to executions issued against property upon judgments of a circuit court and shall be entitled to the same fees for his services in executing the warrant, to be collected in the same manner."

Therefore, we deem it unnecessary to consider what might be the rights of the parties if the above quoted provisions of the statute did not exist, because this provision specifically prescribes the status of the lien and limits its effect to that which would obtain and be applicable to judgments of the circuit court in ordinary actions or suits. The force and effect of the lien being so limited by the statute, it follows. that the claimant had the same right to claim exemption under the Constitution as he would have had as against a levy under execution issued pursuant to an ordinary judgment in any civil action.

The decree is affirmed.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.