**In re Francis J. EBENGER, Debtor(s).**

**Bankruptcy No. 84–00139–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

June 8, 1984.

Steven Friedman, Miami, Fla., for Trustee.

William Roemelmeyer, Miami, Fla., Trustee.

William Manker, Miami, Fla., for debtor.

Hendrik G. Milne, Miami, Fla., for FDIC.

## ORDER DENYING OBJECTIONS TO CLAIMED EXEMPTION

THOMAS C. BRITTON, Bankruptcy Judge.

A creditor and the trustee have objected to the debtor's claimed exemption of an annuity contract worth $98,477.14. (C.P. Nos. 11 and 15a). The matter was heard on May 24. The relevant facts are simple and clear. Under the terms of the annuity contract provided for him by his law firm, the debtor had, on the date of bankruptcy and at all times since then, the option of receiving the lump sum value of the annuity contract. The sole issue is whether that asset is exempt from the claims of creditors under Florida law. Fla.Stat. § 222.14, is controlling.

> "Exemptions of cash surrender value of life insurance policies and annuity contracts from legal process.—The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor."

(The provisions added to this 1925 statute by amendment in 1978 are underscored.)

It is clear, of course, that if this asset had been in the form of a life insurance policy rather than an annuity, its present lump sum value would be exempt from the claims of creditors. The debtor argues that the 1978 amendment was intended to make a similar provision for annuity contracts. The trustee's argument is that the debtor does not fall within the protected class:

> "the person who is the *beneficiary* of such annuity contract."

Specifically, the trustee argues that the terms "beneficiary" can only refer to a third party as distinct from the annuitant.

Neither the parties nor I have found any Florida decision in point nor any useful clue in the legislative history nor any assistance from decisions relating to similar provisions enacted in other States.

I reject the trustee's construction of the statute and agree with the debtor that the Florida legislature intended to exempt the value of annuity contracts from the claims of creditors not only of third party beneficiaries under the annuity contract but also of the annuitant. The term "beneficiary" is not a term of art necessarily restricted to those who receive a benefit upon the death of another (as the trustee argues here). The term is, for example, defined in the *Restatement, Trusts 2d* § 3(4):

> "The person for whose benefit property is held in trust is the beneficiary."

This statutory provision must be liberally construed in favor of the debtor. As stated in *Killian v. Lawson*, 387 So.2d 960, 962 (Fla.1980):

> "Exemption statutes ... should be liberally construed in favor of a debtor so that he and his family will not become public charges."

See also *In re Gefen*, 35 B.R. 368 (Bkrtcy. S.D.Fla.1984).

As has already been noted, for almost 60 years the cash surrender value of life insurance policies has been exempt from the claims of creditors of the insured as well as the claims of creditors of his survivors. I cannot conceive any principled purpose that would be served by shielding only the survivors of an annuitant with respect to an annuity contract.

The debtor's alternative contention that he did not have the contractual option to recover the lump sum value of the annuity contract because he had not terminated his employment becomes irrelevant in view of the foregoing holding. I found the debtor's proof on this point completely unpersuasive but that it neither here nor there.

The objections to the claimed exemption of the annuity contract are overruled and the exemption is allowed.