**In re Paula Lea McCOLLAM, Debtor.**

**Bankruptcy No. 89–33456–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1990.

**600**

Barry L. Roseman, Smolar, Roseman & Barnes, Atlanta, Ga., Theodore A. Jewell, Palm Beach, Fla., for movant.

Douglass E. Wendel, Palm Beach, Fla., trustee.

Daniel L. Bakst, Ackerman, Bakst & Laver, P.A., West Palm Beach, Fla., for debtor.

## ORDER ON OBJECTION TO EXEMPTION

A. JAY CRISTOL, Bankruptcy Judge.

The debtor has claimed on her Schedule B–4 as an exemption from the claims of creditors:

"Travelers Indemnity Co. annuity, exempt pursuant to Florida Statute 222.14.-"

This statutory provision, *Fla.Stat.* § 222.14, provides an exemption for:

"the proceeds of annuity contracts issued to citizens or residents of the state. . . ."

The objection of a creditor, Thomas E. LeCroy, to the claimed exemption of the annuity was heard September 26. The matter was heard in Judge Britton's absence and decided upon review of each party's written argument and cited authorities, and review of the record upon which the dispute is based. The objection is overruled and the claimed exemption is allowed.

The facts are undisputed. The debtor is a beneficiary under an annuity contract purchased by Travelers Insurance Co. to provide payments in connection with a general release and settlement agreement entered into on July 9, 1985. The debtor is a surviving child of Paul J. Coombs, whose death provided members of his family with a claim against National Car Rental System, Inc.; Maurice Elijah Moore, M.P.; and Travelers Insurance Co. Under the agreement, the debt obligation of Travelers is extinguished and discharged by the amount of each successive annuity payment.

The objecting creditor, Thomas E. LeCroy, has a claim against the debtor arising from an automobile accident that occurred on July 16, 1987, two years after the subject annuity contract was established.

An important consideration is that there was no reliance by the creditor LeCroy or any other creditor on existing funds of the debtor which it can be asserted were placed beyond the reach of creditors by the purchase of the annuity.

The first issue raised in the objection is that the statutory exemption for

*proceeds* of annuity contracts is not applicable to the *payments* made to the debtor. The creditor relies on the contrast of a comparable Louisiana statute [1] to *Fla.Stat.* § 222.14 to support this argument. However, the difference of including the word "payments" following the word "proceeds" in the Louisiana statute does not convince me that the Florida statute intends to exclude or must be interpreted to exclude "payments". In fact, under the UCC § 9–306(1) definition cited in the Brief in Support of Objection to Exemption (CP 10), the payments received by the debtor fall into the category of proceeds, *i.e.,* "whatever is received upon the collection of collateral".

The debtor argues (Supplemental Response CP 11) that the logic of LeCroy's attack and conclusion is "strained to the limit" as it pertains to the interpretation of proceeds under *Fla.Stat.* § 222.14. I agree.

The second point raised in the Brief discusses the statutory requirement that an annuity be "issued to citizens or residents of the state." The objector elaborates upon this point with a grammatical and syntactical discourse on the word "issue". However, this court is convinced that the benefit received by the debtor which is derived from the issuance of the annuity brings this debtor within the class entitled to claim the § 222.14 exemption. The debtor is clearly the beneficiary. *See In re Ebenger,* 40 B.R. 463 (Bankr.S.D.Fla. 1984).[2]

Another argument in support of the objection distinguishes *In re Benedict,* 88 B.R. 387 (Bankr. M.D.Fla.1988), which is exactly on point and is relied upon by the debtor. The argument in the Brief is that the debtor is not a third party beneficiary. However, it is the debtor who has the right to receive the payments and to change beneficiaries, which are the direct benefits provided by the contract. The creditor also asserts that the court in *Benedict* "failed to consider absurd results from its reasoning." (CP 10 at p. 9). The distinguishing aspect, if any, from *Benedict* is unpersuasive, and this court finds sufficient grounds to allow the exemption without relying on the reasoning in *Benedict.*

The debtor has argued (Response CP 9) that the logic of the objection is "misdirected" as it pertains to the allegation that there is a debt owing from Travellers separate and apart from the annuity. I agree, although accepting the debtor's interpretation on this point is also not necessary to this court's conclusion.

■ I am convinced from the fact of the humanitarian loss for which the annuity compensates this debtor [3] that there can be no suggestion of fraud or any improper conduct by the debtor to avoid creditors in establishing the annuity. Therefore, the policy argument set forth in the objector's Brief which compares the debtor's annuity to an annuity purchased to pay off a lottery debt or a lawyer's fee is totally unrelated to the facts here.

The debtor is not an attorney collecting an account receivable, and therefore *In re Young,* 64 B.R. 611 (E.D.La.1986), *aff'd,* 806 F.2d 1303 (5th Cir.1987), cited by the creditor, is not applicable to the facts before me.

■ The argument by the creditor that the annuity contract was motivated by tax considerations has no bearing on the debtor's entitlement to claim the statutory exemption.

The principle is well-established that:

"Exemption statutes ... should be liberally construed in favor of the debtor so that [he] and [his] family will not become

---

1. La.Rev.Stat.Ann. § 20:33(1):
   "all pensions, all proceeds of and payments under annuity policies or plans ... are exempt."

2. The exemption shields the proceeds of annuity contracts from:

"attachment, garnishment or legal process ... of any creditor of the person who is the beneficiary of such annuity contract." *Fla.Stat.* § 222.14.

3. The creditor has characterized the annuity as an investment of a "personal injury settlement over a time." (CP 10 at p. 10).

public charges." *Killian v. Lawson,* 387 So.2d 960, 962 (Fla.1980).

Under these circumstances, I find no merit in the objection on any of the points argued in the Brief. I am convinced that the debtor is entitled to claim the annuity as exempt under *Fla.Stat.* § 222.14.

*Conclusion*

For the foregoing reasons, the creditor's objection to the debtor's exemption of the Travellers annuity is overruled.

DONE and ORDERED.