**In re Paula Lea McCOLLAM f/k/a Paula Lea Coombs, Debtor.**

**Thomas E. LeCROY, Appellant,**

**v.**

**Paula Lea McCOLLAM f/k/a Paula Lea Coombs, Appellee.**

**No. 90–8127–CIV.**

United States District Court, S.D. Florida.

July 31, 1990.

---

Barry L. Roseman, Theodore A. Jewell, and Thomas Allen Rice, for appellant.

Daniel L. Bakst, for appellee.

## ORDER DISMISSING APPEAL

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the appeal of the order of The Hon. A. Jay Cristol, United States Bankruptcy Judge for the Southern District of Florida, dated January 31, 1990. 110 B.R. 599.

### FACTS

The debtor, Paula Lea McCollam ("McCollam"), is a beneficiary under an annuity contract purchased by Travelers Insurance Co. ("Travelers"). McCollam, as a survivor of her father, was awarded this contract on July 9, 1985 as part of a settlement of a her father's estate's wrongful death claim.

The appellant, Thomas E. LeCroy ("LeCroy"), filed a claim against McCollam due to an automobile accident. That accident occurred on July 16, 1987, two years after McCollam received the settlement of her father's claim from Travelers.

### DISCUSSION

The instant appeal is from a final order of The Hon. A. Jay Cristol, United States Bankruptcy Judge for the Southern District of Florida, dated January 31, 1990. This Federal District Court, therefore, has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).[1]

The appellant, creditor LeCroy, moves this Court to reverse the bankruptcy court's order on the exemption of the annuity contract from legal process. LeCroy also prays that this Court find as a matter of law that the annuity owed McCollam by Travelers not be exempted by the debtor and instead adjudge that the annuity constitute assets of McCollam's bankruptcy estate.

Residents of the State of Florida are subject to Florida's own set of exemptions under the Homestead protection of Article X, Section 4 of the Florida Constitution. *In re Benedict*, 88 B.R. 387, 389 (M.D.Fla. 1988). These exemptions are the sole protection for Florida debtors. *Id.*

Florida Statute § 222.14, under the Homestead and Exemptions chapter, specifically provides that:

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state *and the proceeds of annuity contracts issued to citizens or residents of the state,* upon whatever form, *shall not in any case be liable to attachment, garnishment or legal process in favor* of any creditor of the person whose life is so insured or *of any creditor of the person who is the beneficiary of such annuity contract,* unless the insurance policy or annuity contract was effected for the benefit of such creditor.

Fla.Stat.Ann. § 222.14 (West 1990) (emphasis added).

A strict reading of the above statute, accompanied by this Court's review of the undisputed facts, complies this Court to hold that the instant contract issued to McCollam was an annuity contract, McCollam is a resident of this state and the beneficiary of the annuity contract. *See,* General Release and Settlement Agreement between Paula Lea Coombs (McCollam), et al. and Travelers Insurance Co., et al., dated July 9, 1985.

The Court, therefore, concludes that McCollam's annuity contract is exempt property under the Homestead protection of Florida Statute § 222.14, and that as a creditor of McCollam, LeCroy cannot at-

---

1. 28 U.S.C. § 158(a) provides in pertinent part: The District Courts ... shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges....

A final order is one which ends the matter on its merits and leaves nothing for a District Court to do except execute judgment. *See, In re Warner,* 94 B.R. 734, 735–736 (M.D.Fla.1988); *In re Martin Brothers Toolmakers, Inc.,* 796 F.2d 1435, 1437 (11th Cir.1986).

tach, garnish or serve legal process against McCollam's annuity contract.

The appellant, creditor LeCroy, states several theories to support his position. Specifically, the appellant claims that:

1. The payment to the debtor from the annuity company are not "proceeds" of an annuity contract;

2. The Florida exemption statute required that an annuity be issued to a Florida resident debtor;

3. The debtor is merely a third party beneficiary, and has no property interest in the annuity;

4. The annuity obligation itself is not claimed to be exempt under bankruptcy law, because it is secured by an annuity owned by Travelers; and

5. The debtor is merely investing in a personal injury settlement which is a tax shelter and not an answer.

The Court finds that none of these theories are compelling or sustain any merit.

The appellant's argument over the semantics behind the term "proceeds" do not carry any weight, as the settlement agreement clearly entitles McCollam to payments under the annuity. There is no dispute that McCollam is a Florida resident. McCollam is the named beneficiary in the annuity policy and is protected by § 222.14. The statute merely requires that the proceeds of the annuity contracts be paid to a Florida resident, and does not state any requirement as to the annuity contract itself. *In re Benedict*, 88 B.R. at 389. Finally, as the bankruptcy court has stated, the argument by the creditor that the annuity was motivated by tax considerations has no bearing on McCollam's entitlement to statutory exemption.

The creditor's arguments in his reply brief similarly do not compel this Court to remove McCollam's annuity proceeds from statutory exemption. The annuity itself is not what is exempted by Florida Statute § 222.14. The proceeds from the annuity contracts, because they are paid directly to a beneficiary who is a Florida resident, are protected by the exemption.

The fact remains, therefore, that debtor McCollam meets the statutory requirements of Florida Statute § 222.14.

The Court has reviewed the appellate briefs, the record, and being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED that appellant herein has failed to demonstrate that the factual findings of the Bankruptcy Court were clearly erroneous, and has failed to demonstrate that the Bankruptcy Court committed any errors of law. It is ORDERED therefore that the Order of the Bankruptcy Court dated January 31, 1990 which is the subject of this appeal is hereby AFFIRMED.

DONE AND ORDERED.