593 So.2d 607 (1992)
Loretta DOWNING, Appellant,
v.
STATE of Florida, Appellee.
No. 91-811.
District Court of Appeal of Florida, Fifth District.
February 14, 1992.
*608 Gary A. Poe of Gary A. Poe & Associates, P.A., Inverness, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Loretta Downing, a 65-year-old woman living alone in her mobile home, was burning trash in her back yard when the fire escaped and destroyed her neighbor's storage shed. Unknown to Downing, the neighbors had recently stored $14,500 worth of property in that shed. This property was also destroyed.
Downing pled guilty to a second degree misdemeanor[1] because she "knowingly set fire to a trash pit and allowed said fire to escape, which caused property damage to neighbors [sic] estate."
Although Downing was living on $443 per month social security benefits and a small pension, the court ordered her to pay $14,500 restitution as a condition of her six months probation. She paid $50 per month toward that restitution from her funds, and neighborhood friends contributed an additional $6,179.61 raised through community activities.
Nearing the end of her probation term, Downing still owed $8,080.39 in restitution. The probation officer, although acknowledging that Downing had been a model probationer and was unable to pay the remaining restitution, filed an affidavit of violation of probation because of the nonpayment.
The trial court held that Downing had the ability to pay the restitution "because she owned her own home." Her refusal to waive her homestead exemption rights constituted a "wilful refusal to pay restitution." The judge found her guilty of violation of probation, sentenced her to an additional six months probation, and imposed community service hours.
The court certified the following question:
IN DETERMINING A DEFENDANT'S FINANCIAL RESOURCES IN A VIOLATION OF PROBATION BASED UPON FAILURE TO PAY MONETARY RESTITUTION, CAN THE COURT CONSIDER THE DEFENDANT'S OWNERSHIP INTEREST IN HOMESTEAD PROPERTY AND ORDER A DEFENDANT TO EXECUTE A NOTE AND MORTGAGE IN FAVOR OF THE VICTIMS AND PAYABLE UPON DEATH TO SECURE RESTITUTION?
We answer the question in the negative, reverse the revocation of probation, and order Downing released from further supervision.
Article 10, section 4 of the Florida Constitution provides:
There shall be exempt from forced sale under process of any court ... the following property owned by a natural person.
*609 The constitution does not distinguish between the civil court and the criminal court. Nor shall we.
The purpose of the homestead act is to protect the homeplace against financial misfortune. The public policy of this state would prohibit the victim of this fire damage from attaching Downing's homestead directly through a tort action judgment. It also prohibits the "forced sale" by a county judge as a condition for avoiding the consequence of a violation of probation.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Section 590.12(1)(d), Fla. Stat. (1989).