PER CURIAM.
Gabriel Schlosser appeals a post-judgment order authorizing the Department of Corrections to seize and disburse any money contained in Schlosser’s prison commissary account. We disagree with Schlosser that notice is required before entry of such an order, and affirm.
On November 17, 1988, the circuit court entered a judgment and order of restitution requiring Schlosser to pay $55,000 to Phyllis Timmins. This order further indicated that Schlosser pled guilty to the underlying criminal charges with the understanding he would be assessed restitution in this amount. In 1991 Ms. Timmins submitted a “motion to enforce restitution order and for order of collection,” requesting that the court order the Department of Corrections to seize any money in Schlosser’s prison account and dispense that money toward satisfaction of the restitution order. See § 775.089(ll)(b), Fla.Stat. (1989). The circuit court granted the motion on March 29, 1991. Schlosser complains that he did not receive notice of Ms. Timmins’s motion, was not present at any hearing on the motion, and is entitled to a hearing “to determine if the appellant has the ability to pay the order of restitution.”
The circuit court’s order has the practical effect of a writ of garnishment.[1] Since Schlosser has already agreed to pay restitution to Ms. Timmins, his only defense to the garnishment of his prison account is grounded in article X, section 4, of *630 the Florida Constitution, which exempts “personal property to the value of one thousand dollars” from forced sale or judgment lien.[2] The homestead exemption has been held applicable against orders of restitution in criminal cases. Downing v. State, 593 So.2d 607 (Fla. 5th DCA 1992).
No prior notice to the debtor is required before a writ of garnishment may issue. United Presidential Life Ins. Co. v. King, 361 So.2d 710 (Fla.1978). Instead, section 222.061, Florida Statutes (1991), sets forth the method by which a debtor may seek to exempt personalty subject to constitutional protection after issuance of the writ. In the case of prisoners whose accounts are garnished under section 775.-089(11)(b), administrative rules require the Department of Corrections first to place a “hold” on the account and to notify the prisoner of the claim. Fla.Admin.Code Rule 33-3.018(11)(c). We believe this is sufficient to allow the prisoner to seek any remedies available to him by virtue of article X, section 4.[3]
We also reject arguments in Schlos-ser’s reply brief to the effect that Ms. Timmins has received insurance payments for her losses and, thus, the state is “attempt[ing] to collect twice for the same debt.” Presumably, Schlosser would have asserted this “defense" had he been afforded a hearing. However, we fail to see how any possible right of subrogation for the insurer would operate to excuse obligations that Schlosser, when entering his plea, admitted he was obligated to pay. See Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987).
Affirmed.
SCHOONOVER, A.C.J., HALL and ALTENBERND, JJ., concur.

. Garnishment “consists of notifying a third party to retain something he has belonging to the defendant, to make disclosure to the court concerning it, and to dispose of it as the court shall direct.” Thompson v. Commercial Union Insur *630 ance Co. of New York, 267 So.2d 18, 20 (Fla. 1st DCA), cert. denied, 271 So.2d 461 (Fla.1972).

. For purposes of this provision, personal property can include cash. Richards v. Byrnes, 153 Fla. 705, 15 So.2d 610 (1943).

. Rule 33-3.018(11) does not expressly reference section 222.061, Florida Statutes (1989), or the procedural framework of that statute. In the absence of evidence to the contrary, we assume that the “hold” is sufficiently long to allow the prisoner to raise these issues.