**In re John E. ZEITZ and Debra A. Zeitz, Debtors.**

**Bankruptcy No.˙94–30464–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Aug. 23, 1994.

Michael K. Spotts, Stuart, FL, for debtors.

Jeffrey H. Frank, Palm Beach Gardens, FL, for trustee.

**904**

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court May 19, 1994, on the Chapter 7 Trustee's objection to exemptions. Upon the agreement of the parties, the Court directed the parties to submit memoranda of law on the issue of whether the Debtor's interest in an annuity was exempt under Florida law. Having considered the submitted memoranda and for the reasons set forth below, the Court overrules the Trustee's objection to the Debtors' exemption.

On September 3, 1993, Rodney Boyd ("Boyd"), the uncle of co-debtor Debra Zeitz (the "Debtor"), purchased a single premium annuity (the "Annuity"). Boyd named the Debtor and Patricia Vota ("Vota"), another niece of Boyd's, as beneficiaries of the Annuity. Under the terms of the Annuity, Boyd was to receive payments for six years or until his death. Upon his death, his nieces would receive the remainder of the payments. Although the parties have not provided the Court with the date of Boyd's death, it is undisputed that he has died. Thus, the Debtor is now receiving one half of $462.99 each month from the Annuity. The Debtor claims this payment is exempt under Florida Statute 222.14. The Trustee contends that the exemption statute applies only to the annuitant, Boyd, and not to the named beneficiaries, the Debtor and Vota.

■ Florida Statute 222.14 provides—

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured *or of any creditor of the person who is the beneficiary of such annuity contract,* unless the insurance policy or annuity contract was effected for the benefit of such creditor. (emphasis added)

The Trustee asserts that the "beneficiary" of an annuity contract is the annuitant, and not the third party who might become entitled to the annuity proceeds upon the death of the annuitant. The Trustee compares the beneficiary of an annuity to the beneficiary of a life insurance policy. While under Florida Statute 222.13, the proceeds of a life insurance policy are exempt from the claims of creditors of the insured, they are not exempt from the claims of creditors of the beneficiaries. The Trustee contends that beneficiaries of annuities should not be entitled to greater protection because they are beneficiaries of an annuity rather than a life insurance policy.

■ "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Section 222.14 clearly and unambiguously exempts annuity proceeds from the claims of creditors of the beneficiaries of the annuity. The Trustee does not dispute that the Debtor is a beneficiary of the annuity, but rather, questions whether the Florida legislators intended to exempt the annuity proceeds from the claims of the creditors of third party beneficiaries. Unfortunately, the Legislature did not indicate its intention when it amended this provision in 1978. Thus, the Court cannot determine whether the application of the plain meaning of Section 222.14 will "produce a result demonstrably at odds with the intentions of its drafters."

Judge Britton, in the case of *In re Ebenger,* 40 B.R. 463 (Bankr.S.D.Fla.1984), had the opportunity to interpret Section 222.14 and, while overruling the Trustee's objection to the claimed exemption of the debtor's annuity, stated:

I reject the trustee's construction of the statute and agree with the debtor that the Florida legislature intended to exempt the value of annuity contracts from the claims of creditors not only of third party beneficiaries under the annuity contract but also of the annuitant. The term "beneficiary"

is not a term of art necessarily restricted to those who receive a benefit upon the death of another (as the trustee argues here). The term is, for example, defined in the *Restatement, Trusts 2d § 3(4):*

"The person for whose benefit property is held in trust is the beneficiary."

*Ebenger,* 40 B.R. at 464. The Court, having considered the authority submitted by the parties, finds no basis to construe Florida Statute Section 222.14 differently than did the court in *Ebenger* and interprets this provision to exempt annuity proceeds from the claim of the creditors of third party beneficiaries. Accordingly, it is

ORDERED that the Trustee's objection to the Debtor's claimed exemption in the annuity is overruled.