**In re Mary Jane ZESBAUGH, Debtor.**

**Bankruptcy No. 95–8726–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Nov. 20, 1995.

Edward R. Miller, Naples, FL, for debtor.

Diane L. Jensen, Trustee, Fort Myers, FL.

## ORDER ON OBJECTION
## TO EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

**IN THIS** Chapter 7 case Diane Jensen, Trustee of the above captioned Chapter 7 case, ("Trustee") objected to the claims of exemption of Mary Jane Zesbaugh ("Debtor"). The Objection interposed by the Trustee to the claims of exemption fall into four separate categories. They involve first, the personal property in general claimed as exempt; the equity in a Toyota Camry automobile; a time share interest in real estate; and, lastly, the proceeds of two life insurance policies totaling $19,000.00 which are proceeds due from the insurance policies maintained by the late husband of the Debtor in which she was named beneficiary.

The Court heard argument of counsel, considered the record and is satisfied that the Debtor's claims of exemption concerning her claim as it relates to personal property in general and to the equity in the automobile, cannot be allowed as claimed because the values claimed in fact exceed that which is allowed by law. For this reason it is appropriate to sustain the Trustee's objection by limiting the exemption claim to the value of these properties to $1,000 each, the amount allowed by Art. X, Section 4(a)(2) of the Florida Constitution and Fla.Stat. § 222.25 respectively.

This Court is satisfied, however, that the Trustee's Objection is not well taken vis-a-vis the time share interest because it appears to be worthless and therefore the objection to this claim by the Trustee should be overruled and the claim allowed. This leaves for consideration the Debtor's claim of exemption of the proceeds of the life insurance policies which, according to the Debtor, are exempt pursuant to Fla.Stat. §§ 222.13 and 222.14.

It should be noted at the outset that Fla.Stat. § 222.14 is clearly inapplicable in that this Statute exempts the debtors interest in annuities and the cash surrender value of life insurance policies and has nothing to do with the *proceeds* of life insurance policies which is governed by Fla.Stat. § 222.13. This Statute, (emphasis supplied) expressly exempts life insurance proceeds from the creditors of the *insured* by providing:

> Whenever any person residing in the state shall die leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy, and the proceeds thereof shall be exempt *from the claims of creditors of the insured.* (emphasis supplied)

It is now an accepted cannon of statutory construction that the Statute should be construed by adopting its plain meaning and that it should be conclusive except in instances where the literal application of a Statute would produce a result demonstrably at odds with the intentions of its drafters. *United States v. Ron Pair Enterprises, Inc.,*

489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

 Counsel for the Debtor relies on the case of *In re Zeitz,* 171 B.R. 903 (Bankr. S.D.Fla.1994). Even a cursory reading of this case leaves no doubt that this reliance is misplaced. This is so because the claim of exemptions in *Zeitz* was asserted pursuant to Fla.Stat. § 222.14 and related to an annuity contract rather than to a life insurance policy. Moreover, *Zeitz* by way of dicta made it clear that while under Fla.Stat. § 222.13 the proceeds of the life insurance policy are exempt from the claims of creditors of the insured, they are not exempt from the claims of creditors of the beneficiary under the insurance policies. In the case of *In re Butcher,* 62 B.R. 162 (Bankr.E.D.Tenn.1986), where the claim of exemption was also based on Fla.Stat. § 222.14, the Court noted that while both §§ 222.13 and 222.14 prevents creditors of the insured from reaching the proceeds intended for the beneficiary, these Statutes were not intended to protect such proceeds from the claims of the beneficiary's own creditors.

The bankruptcy court considering the statute of North Carolina § 1C–1601(a)(6), a statute similar to Fla.Stat. § 222.13 involved here, in the case of *In re Sharik,* 41 B.R. 388 (Bankr.E.D.N.C.1984), held that this North Carolina statute expressly provides an exemption from the creditors of the insured, but does not provide an exemption from the claims of creditors of the beneficiary. The Court noted that the proceeds are treated like any other asset of the beneficiary and are available to his creditors.

In sum, this Court is satisfied that the position of the Trustee is correct and the proceeds of the life insurance policies involved in this case are subject to administration by the Trustee.

Accordingly, it is

**ORDERED, ADJUDGED AND DE-CREED** that the Objection to Exemptions be, and the same is hereby, sustained and the Trustee is directed to undertake appropriate steps to obtain the proceeds of the two life insurance policies and administer them for the benefit of the estate.

**DONE AND ORDERED.**