PER CURIAM.
The appellant, Staci Lotti, appeals a determination by the Florida Unemployment Appeals Commission (“UAC”) that the Florida Department of Labor and Employment Security (“DOL”) was entitled to money owed to her by the state. This money is a refund due Lotti because of the Florida Supreme Court’s decision in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), cert. denied, sub nom., Adams v. Dickinson, 516 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995), declaring the motor vehicle impact fee unconstitutional. DOL claimed that Lotti received an overpayment of unemployment benefits in 1993-1994. Lotti argues that the refund qualifies for exemption as personal property pursuant to the homestead exemption provision of Article X, Section 4 of the Florida Constitution and its implementing statute, section 222.061, Florida Statutes (1995). Lotti, in compliance with that statute, filed an inventory and affidavit of exemption in the administrative forum below.
The state argues that Lotti is not entitled to assert her homestead exemption in regard to the refund money because that money was not “seized by the state” via levy but merely offset against a pre-existing and greater obligation owed by Lotti to the state. We find this argument unpersuasive. Cf. Schlosser v. State, 602 So.2d 628 (Fla. 2d DCA 1992).
We do not believe that the State of Florida is in any different position than a private creditor in respect to the applicability of the Florida Constitution homestead exemption provisions. See Florida Industrial Commission v. Coleman, 154 Fla. 744, 18 So.2d 905 (1944). Most of the courts that have addressed the issue have determined that a debtor’s exemptions, including a homestead exemption, can defeat a creditor’s right of setoff. See Annotation, Availability of Debtor’s Exemption to Defeat Counterclaim or Setoff, 106 A.L.R. 1070 (1937).
REVERSED.
COBB, HARRIS and THOMPSON, JJ., concur.