**In re Andy William RUTTER, Debtor.**

**No. 99–20098–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 31, 2000.

Melody D. Genson, Sarasota, FL, for debtor.

Carolyn R. Chaney, St. Petersburg, FL, Chapter 7 Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION (DOC. NO. 5)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the above-captioned Chapter 7 case is an Objection to Claim of Exemption filed by Chapter 7 Trustee, Carolyn R. Chaney (Trustee), objecting to the claimed of exemption of Andy William Rutter (Debtor). The Court heard argument of counsel at the duly scheduled and properly noticed hearing and having considered the record, now finds and concludes as follows:

On December 16, 1999, the Debtor filed his Petition for relief under Chapter 7 of the Bankruptcy Code. On Schedule C, the Debtor claimed as exempt his 1991 Nissan shortbed truck valued at $602.30, pursuant to Article X, Section 4 of the Florida Constitution. This provision grants an exemption from claims of creditors, personal property of the Debtor not to exceed $1,000.00 in value.

It is the Trustee's contention that the Debtor can only claim the motor vehicle as exempt up to $1,000.00 as provided by Fla.Stat. § 225.25. She contends that in the event his equity exceeds the $1,000.00 cap fixed by the Statute, that equity is subject to administration by the Trustee.

In opposition, the Debtor contends that the automobile is personal property and that he may claim the equity in the truck as exempt not only pursuant to Fla.Stat. § 222.25 but also pursuant to Article X, Section 4 of the Florida Constitution.

Article 10, Section 4 of the Florida Constitution provides in pertinent part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, ... the following property owned by a natural person:

...

(2) personal property to the value of one thousand dollars.

Art. 10, Sec. 4, FLA..CONST.

In accordance with the plain language of this provision, any type of personal property may be exempted provided the value does not exceed $1,000.00. *See In re Zesbaugh*, 190 B.R. 951, 952 (Bankr. M.D.Fla.1995) (statute should be construed by adopting its plain meaning and plain meaning should be conclusive except in instances where the literal application would produce result demonstrably at odds with intentions of the drafters); *Richards v. Byrnes*, 153 Fla. 705, 15 So.2d 610 (1943) ("The personal property may be in cash, furnishings or any other personalty owned by the head of the family at his death but cannot exceed in value more than one thousand dollars and may be designated by the court something after the manner provided in Sections 222.07 and 222.08, Florida Statutes of 1941, F.S.A.")

Furthermore, it is the individual claiming the exemption who is entitled to determine what items of personal property to exempt. See Fla.Stat. § 222.07.

Florida Statute 222.25 provides,

The following property is exempt from attachment, garnishment, or other legal process:

(1) A debtor's interest, not to exceed $1,000 in value, in a single motor vehicle as defined in s. 320.01; ...

This exemption was created by the legislature for the purpose of exempting the Debtor's equity in a motor vehicle. It was never intended that this Statute would take away the Debtor's right to take a benefit of a constitutionally provided exemption for personal property. No one can argue in good faith that an automobile is not personal property. Therefore, this Court is satisfied that the excess value over the $1,000.00 exemption provided by Fla.Stat. § 222.25 for motor vehicles may be claimed by the Debtor under the personal property exemption provided by the Florida Constitution.

It is without dispute that the Debtor's equity in the automobile is $1,602.30. The Debtor chose to utilize the automobile exemption in the amount of $1,000.00 and to utilize the personal property exemption to exempt the $602.30 in remaining equity. The Debtor has not exceeded the monetary limit in his exemptions. Since the two provisions for exempting the equity in the automobile are not mutually exclusive, the exemption of the Debtor's equity in the automobile should be allowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Claimed Exemptions be, and the same is hereby overruled. The Debtor's claim of exemption of the Debtor's equity in his automobile is hereby allowed in the amount of $1,000.00 pursuant to Fla.Sta. § 222.25. The excess equity in the amount of $602.30 is also allowed as exempt pursuant to Article X, Section 4(a)(2), Fla. Const. The automobile is not subject to administration by the Trustee.