**In re Raul FERRETTI, Debtor.**

**Bankruptcy No. 95–15422–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 10, 1996.

James B. Miller, Law Office of D. Jean Ryan, P.A., Miami, FL, for Charles Bloom.

Nancy Herkert, Chapter 13 Trustee, Hialeah, FL.

Edward Freire, Hialeah, FL, for Debtor.

### MEMORANDUM DECISION GRANTING CHARLES E. BLOOM, P.A.'S MOTION TO ALLOW DISTRIBUTION OF PROCEEDS OF EXEMPT ASSET

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on July 23, 1996 and July 30, 1996, upon Charles E. Bloom, P.A.'s Motion to Allow Distribution of Proceeds of Exempt Asset and Payment of Costs and Attorney's Fees, filed June 26, 1996 (the "Motion") (C.P. # 15). The Court, having reviewed the file and the Motion on this matter, having heard argument of the trustee, Nancy H. Herkert (the "Trustee"), and counsel for the movant, Charles E. Bloom, P.A. ("Bloom"), having reviewed proposed memoranda on this matter, and being otherwise duly advised in the premises, the Court concludes:

#### Procedural Background

On November 6, 1995, the debtor, Raul Ferretti (the "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). In his Chapter 13 schedules, filed concurrently with the voluntary petition, the Debtor identified an "Auto Accident Claim"

(the "Auto Accident. Claim"), valued at $1.00,[1] as an account receivable in his personal property schedule (Schedule B). On his exempt property schedule (Schedule C), the Debtor identified the Auto Accident Claim, which is not exempt as a matter of law[2], as an account receivable (which is also not exempt as a matter of law), and listed the "value of claimed exemption" as $1.00. The Debtor's § 341 meeting occurred on December 11, 1995. Neither the Trustee nor any other person objected to the Debtor's exemptions. If this § 341 meeting in Chapter 13 was like most others, all interested parties were focused on the Plan and Debtor's income and expenses. It is likely that no one, Chapter 13 Trustee included, was deeply concerned with the exemptions. Perhaps the Trustee should have been.

On January 2, 1996, this Court entered its Order Confirming Second Amended Chapter 13 Plan.[3] Thereafter, Debtor settled the Auto Accident Claim for the sum of $70,-000.00.

On June 26, 1996, Bloom, Debtor's attorney, filed the Motion seeking disbursement of the proceeds of the settlement in the following manner and amounts:

| | | |
|---|---|---|
| 1. | Anthony De La Cruz, D.C. | $1,000.00 |
| 2. | Lopez, Stewart & Wagshul, M.D.'s | $1,760.00 |
| 3. | Joseph Traina, M.D. | $200.00 |
| 4. | Central Magnetic Imaging | $250.00 |
| 5. | Gary Lustgarten, M.D. | $8,215.00 |
| 6. | South Miami Diagnostic | $1,000.00 |
| 7. | Northwest Medical Associates | $125.00 |
| 8. | Ornda of South Florida Services | $38.67 |
| 9. | Parkway Regional Medical Center | $7,623.86 [4] |
| 10. | MetraHealth HMO | $1,385.00 |
| 11. | Charles E. Bloom, P.A. | $23,333.00 (fees) |
| 12. | Charles E. Bloom, P.A. | $193.00 (costs) |
| 13. | Raul Ferretti (Debtor) | $24,876.47 |

1. Movant's counsel argued that this nominal amount was reflected as the value of the potential claim because the Debtor had no idea as to whether he would receive any money from the claim.

2. The cash value of an asset may be claimed as part of a debtor's One Thousand Dollar ($1,000.00) personal property exemption. Florida Statute § 222.061; Florida Constitution, Article 10, § 4(a)(2); *Richards v. Byrnes*, 153 Fla. 705, 15 So.2d 610 (Fla.1943).

3. The Trustee has stated at the hearing on this matter that the present anticipated distribution to creditors is approximately 19.5%.

By Order dated August 12, 1996 (C.P. # 22), this Court authorized disbursement of $47,123.53, agreed to by and between the Debtor, the Trustee and Bloom's counsel, as reimbursement of Debtor's medical expenses and legal expenses incurred in settlement of the Auto Accident Claim. At issue is the remaining $22,876.47 [5] designated for Debtor in the Motion.

The Chapter 13 Trustee objected to the distribution because the funds requested to be distributed to the Debtor are sufficient to pay the creditors of his estate in full. The Trustee took the position that Debtor should receive only $1.00 (the specific amount claimed exempt by the Debtor), and filed a Motion to Modify Debtor's Confirmed Chapter 13 Plan according to this concept. The Trustee, who represents the creditors, acted properly in taking this position as this **should** be the law, but alas, it is not.

### Issues

This case does not involve issues regarding the confirmation of a Chapter 13 Plan. The issues are whether the proceeds ($22,876.47), the sum of $1.00, or none of the post-petition settlement of the Auto Accident Claim are exempt property; and, if so, whether the Auto Accident Claim proceeds are disposable income to be included within payments to be disbursed to creditors under the Chapter 13 Plan.

### Applicable Law and Discussion

Upon the filing of a petition for relief, a bankruptcy estate is created. 11 U.S.C. §§ 301, 541. The estate includes "all legal or

4. Immediately after receiving notice of the proposed distribution, Parkway Regional objected and requested payment of their total bill in the sum of $9,623.86. The Court notes the on-the-record agreement by the attorney for Parkway Regional Hospital, Bloom, Bloom's Counsel, and the Debtor to the payment of this sum rather than the amount of $7,623.86.

5. This is the amount of money left for distribution after the Court entered the Order distributing funds to everyone but the Debtor, including the increased distribution to Parkway.

equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Pursuant to 11 U.S.C. § 522(b), a debtor is allowed to exempt certain property from the bankruptcy estate. A debtor may utilize the federal exemptions enumerated in § 522(d) of the Bankruptcy Code or, in states that have opted out of the federal exemptions, a debtor may utilize the exemptions to which she is entitled under state law and non-bankruptcy federal law. *In re Juan E. Planas*, 199 B.R. 211 (Bankr. S.D.Fla.1996); *In re Harless*, 187 B.R. 719 (Bankr.N.D.Ala.1995); *In re Frederick*, 183 B.R. 968 (Bankr.M.D.Fla.1995); *In re Green*, 178 B.R. 533 (Bankr.M.D.Fla.1995); *In re Hill*, 163 B.R. 598 (Bankr.N.D.Fla.1994); *In the Matter of Anderson*, 132 B.R. 657 (Bankr. M.D.Fla.1991); *In re Bryan*, 106 B.R. 749 (Bankr.S.D.Fla.1989); *In re Colston*, 87 B.R. 193 (Bankr.M.D.Fla.1988); 11 U.S.C. § 522(b). To effectuate the exemptions, the debtor must file a list of property that the debtor claims as exempt under 11 U.S.C. § 522(b).[6] To preserve an objection to the claimed exemptions, the trustee or any creditor must object to the property claimed as exempt within thirty (30) days of the conclusion of the § 341 meeting of creditors or the filing of any amendment to the list of property claimed as exempt or supplemental schedules unless, within such period, further time is granted by the Court. 11 U.S.C. § 522(*l*); Fed.R.Bankr.P. 4003(b).

Neither the Trustee nor any creditor filed an objection to the claimed exemptions pursuant to 11 U.S.C. § 522(*l*) or Rule 4003(b).

In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the United States Supreme Court addressed the consequences flowing from the trustee's failure to object to a claimed exemption under 11 U.S.C. § 522(*l*) and Rule 4003(b). In *Taylor*, the debtor scheduled a lawsuit with an unknown value on her personal property schedule. She described the property as "Proceeds from lawsuit—v. TWA" and "claim for lost wages."[7] Although the trustee knew that the debtor claimed the proceeds of the

lawsuit as exempt, he believed that the suit lacked substantial value and declined to pursue. The fact that there is no exemption for "proceeds of a lawsuit" was of no importance since, in the opinion of the trustee, a sustained objection by the trustee to the claimed exemptions would not have made a significant difference in the total value of the estate. Thus, the camel's nose entered the tent.

The Supreme Court concluded that the debtor had claimed her full recovery from TWA as exempt, but noted that all parties agreed that neither state nor federal law permitted an exemption of any significant part of that recovery. *Taylor*, 503 U.S. at 640, 112 S.Ct. at 1646; *Addison v. Reavis*, 158 B.R. 53 (E.D.Va.1993). The Supreme Court decided that, absent a request for an extension of time, Rule 4003(b) of the Federal Rules of Bankruptcy Procedure places a thirty-day limit upon the trustee and creditors to object to the claimed exemptions of a debtor in bankruptcy. *Taylor*, 503 U.S. at 642–43, 112 S.Ct. at 1648. Moreover, Bankruptcy Rule 4003(b) must be read in conjunction with 11 U.S.C. § 522(*l*), which provides that the property claimed as exempt shall be exempt unless an objection to said exemption has been timely filed. *See Taylor*, 503 U.S. at 642–43, 112 S.Ct. at 1648. In *Taylor*, the debtor explicitly and implicitly laid claim, with fair notice, to all of the proceeds of such lawsuit regardless of the actual and resulting value of such proceeds. *See In re DeSoto*, 181 B.R. 704, 707 (Bankr.D.Conn.1995). The decision of the Supreme Court is sound on the issue of the expiration of the objection period. What is harder to understand is how a non-exempt asset becomes converted to an exempt asset by this process.

The Debtor argues, on the strength of *Taylor*, that because he claimed the scheduled Auto Accident Claim as exempt, the Trustee's failure to object to the exemption resulted in the revesting of the Auto Accident Claim with the Debtor by operation of

---

**6.** If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor.

**7.** *Taylor*, 503 U.S. at 640, 112 S.Ct. at 1646.

law thirty days after the conclusion of the meeting of creditors.

The Trustee argues that *Taylor* does not apply in the Chapter 13 context as the philosophy behind a Chapter 13 is different from a Chapter 7, and that 11 U.S.C. § 1306 makes the proceeds of the settlement property of the estate subject to administration by the Trustee. The Trustee suggests that the Court must consider not only whether the property is exempt, but even if it is exempt, whether it is disposable income as defined in 11 U.S.C. § 1322 and § 1325.

■ There is a paucity of case law regarding this point. Few Chapter 13 cases exist in which a Bankruptcy Court has applied *Taylor v. Freeland & Kronz* for the proposition that 11 U.S.C. § 552(*l*) and Bankruptcy Rule 4003(b) bar contesting the validity of an exemption after the 30 day period for objection has expired where no extension has been granted, even though a valid objection could have been made if the party had acted promptly.[8] The Court is compelled to follow *Taylor*, and adopts the its rationale in the context of Chapter 13 proceedings. The Auto Accident Claim is exempt.

■ Does the exemption apply to all the proceeds or only the $1.00 scheduled by Debtor? The Debtor valued the claim for the automobile accident at $1.00 and exempted the $1.00 on Schedule C. The Trustee argues that Debtor is only entitled to the value claimed as exempt, to wit: $1.00. The Movant and Debtor argue that the Debtor is entitled to the entire amount of the proceeds, as the Debtor exempted the full value of the asset, not just $1.00 which he listed as the value on his schedules.

In *In re Green*, 1993 WL 739423 (S.D.Ala. 1993), the debtor scheduled a personal injury lawsuit as exempt, valued it at one dollar ($1.00), and listed the "value claimed exempt" as one dollar ($1.00). The trustee did not object to the claim of exemption. The trust-

ee subsequently obtained a settlement of $15,000, and the debtor filed a motion to have the monies turned over to her as she had exempted the entire value of the proceeds of the lawsuit. After a hearing, the Bankruptcy Court summarily denied debtor's motion, which the Court construed as a "motion to disburse to [Green] settlement funds in excess of the amount claimed as exempt." On appeal, the District Court reversed. Citing *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the District Court concluded that the debtor had exempted the entire lawsuit, not just one dollar. The Eleventh Circuit Court of Appeals affirmed the District Court, holding that "[b]ecause Green exempted the full value of her lawsuit, and because the Trustee did not object to her claim, she is entitled to the entire settlement fund." *In re Green*, 31 F.3d 1098 (11th Cir.1994). The Eleventh Circuit Court of Appeals thus rejected the same argument made by the Trustee herein; i.e., that Debtor is only entitled to $1.00, the specific amount listed in the exemption.[9] The Debtor gets it all.

■ The final question to be addressed by this Court is whether the proceeds of the Auto Accident Claim constitute disposable income as used in 11 U.S.C. § 1322 and § 1325. Section 1325(b)(2) provides:

For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

Many cases have concluded that exempt proceeds are considered disposable income. *See Watters v. McRoberts*, 167 B.R. 146, 147

---

8. See *In re Allard*, 196 B.R. 402 (Bankr.N.D.Ill. 1996); *In re Smith*, 179 B.R. 437 (Bankr.E.D.Pa. 1995); *In re Maylin*, 155 B.R. 605 (Bankr.D.Me. 1993).

9. Appreciation of an exempt asset post-filing belongs to the Debtor. *See, e.g., In re Reed*, 940 F.2d 1317, 1323 (9th Cir.1991); *In re Rappaport*, 19 B.R. 971, 973 (Bankr.E.D.Pa.1982); *Green*, 31 F.3d at 1101, Fn. 2 (assuming same without deciding).

(S.D.Ill.1994) (personal injury recovery); *In re Minor*, 177 B.R. 576, 583 (Bankr. E.D.Tenn.1995) (lump-sum worker's compensation settlement award); *In re Jackson*, 173 B.R. 168, 171 (Bankr.E.D.Mo.1994) (worker's compensation settlement); *In re Hagel*, 171 B.R. 686, 689 (Bankr.D.Mont.1994) (social security disability benefits); *In re Rogers*, 168 B.R. 806, 807 (Bankr.M.D.Ga.1993) (naval retirement benefits); *In re Morse*, 164 B.R. 651, 655 (Bankr.E.D.Wash.1994) (social security and military pension).

*But see In re Solomon*, 67 F.3d 1128, 1135 (4th Cir.1995) (funds within exempt IRAs not included in disposable income; *In re Berger*, 61 F.3d 624, 627 (8th Cir.1995) (finding in Chapter 12 case that exempt life insurance proceeds are not part of disposable income); *In re Koch*, 187 B.R. 664, 668 (D.S.D.1995) (exempt worker's compensation benefits not included in disposable income calculation); *In re Tomasso*, 98 B.R. 513, 515 (Bankr. S.D.Cal.1989) (personal injury settlement not part of disposable income); *In re Baker*, 194 B.R. 881 (Bankr.S.D.Cal.1996) (exempt fund or property which is not "regular income" is not to be considered in calculation of disposable income in Chapter 13 matters).

■ The analysis of whether exempt proceeds are considered disposable income requires an examination of 11 U.S.C. § 522(c), which "essentially immunizes exempt property against any liability for pre-petition debts." *In re Reed*, 184 B.R. 733, 738 (Bankr.W.D.Tex.1995), *citing Owen v. Owen*, 500 U.S. 305, 307, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Section 522(c) provides:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case....

The clear language of 11 U.S.C. § 522(c) protects exempt property, regardless of form, from pre-petition debts. This express limitation cannot be ignored for purposes of defining disposable income under 11 U.S.C. § 1325(b)(2). To include exempt property within the parameters of 11 U.S.C. § 1325(b)(2) directly conflicts with § 522(c).

As Debtor herein has claimed the full value of the Auto Accident Claim proceeds as exempt and no objections to the claim were filed, the property is deemed exempt. The Debtor is entitled to the balance of the undistributed proceeds of the Auto Accident Claim, even though auto accident claim proceeds are not entitled to exemption under existing law.

Accordingly, it is

**ORDERED** that Charles E. Bloom, P.A.'s Motion to Allow Distribution of Proceeds of Exempt Asset and Payment of Costs and Attorney's Fees is granted. Charles E. Bloom is directed to distribute the balance of the proceeds to the Debtor.