PUBLISH

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/23/99
THOMAS K. KAHN
CLERK

No. 97-9043

D.C. Docket Nos. CV497-90    96-21148

IN RE:      JESSE S. GAMBLE, JR.,
            SANDRA M. GAMBLE,

                                    Debtors.

JESSE S. GAMBLE, JR., et al.,

                                    Plaintiffs-Appellants.

        versus

SYLVIA FORD BROWN,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 23, 1999)

Before HATCHETT, Chief Judge, BIRCH, Circuit Judge, and KEITH*, Senior Circuit Judge.

HATCHETT, Chief Judge:

_____
* Honorable Damon J. Keith, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

Appellants Jesse and Sandra Gamble appeal the district court's affirmance of the bankruptcy court's order denying their motion to turnover exempt property until conclusion of their chapter 13 proceeding. Recognizing that "property claimed as exempt . . . is exempt" and that exempt property is not part of the bankruptcy estate, we reverse the denial of the Gambles' motion and remand this case with instructions to turn over the Gambles' exempted property.

## I. BACKGROUND

The Gambles filed for chapter 13 bankruptcy protection on October 11, 1996, in the Southern District of Georgia. See 11 U.S.C. §§ 1301-1330. In Schedule C of their petition, the Gambles claimed $10,800 of equity as exempt property, representing real estate that they owned in Illinois. See 11 U.S.C. § 522; Ga. Code Ann. § 44-13-100. Neither the chapter 13 trustee nor any creditors filed objections to the Gambles' claimed exemption. The Gambles thereafter filed a motion in the bankruptcy court, seeking permission to sell the Illinois property for $150,000 and to pay off the mortgage, property taxes, real estate commissions and other costs associated with the closing.

The bankruptcy court approved the sale of the Illinois property on December 10, 1996, and the Gambles closed on the property December 18, 1996. The net proceeds from the sale of the property totaled $6,731.22. As part of its December 10, 1996 order, the bankruptcy court ordered that the Gambles turn the net proceeds from the sale over to the chapter 13 trustee assigned to their case for further proceedings pursuant to Matter of Deeble & McBride, 169 B.R. 240 (Bankr. S.D. Ga. 1994).

The Gambles then filed a "Motion Requesting Turnover of Exempt Property" in an attempt to recover the $6,731.22 that they had claimed as exempt and that the chapter 13 trustee

held.  The bankruptcy court, construing 11 U.S.C. § 522, denied the Gambles' motion, holding that until exempt property is "freed of creditor's claims . . . . it must be safeguarded and preserved in the event of a dismissal, in order to permit those claims to attach."  The bankruptcy court thus held that the Gambles could not receive the proceeds from the property sale until the conclusion of their chapter 13 bankruptcy plan.  The Gambles appealed, and the district court affirmed the bankruptcy court's order.

## II.  ISSUE

The issue we discuss is whether the district court erred in failing to turn over property that the Gambles exempted pursuant to 11 U.S.C. § 522 from their chapter 13 bankruptcy petition.

## III.  STANDARD OF REVIEW

We review the bankruptcy court's findings of fact under the clearly erroneous standard, and its conclusions of law de novo.  See McMillan v. Joseph Decosimo & Co. (In re Das A. Borden & Co.), 131 F.3d 1459, 1462 (11th Cir. 1997).  As the second court of review in this matter, we review the district court's decision entirely de novo.  See In re Das A. Borden, 131 F.3d at 1462.

## IV.  DISCUSSION

Upon the filing of a chapter 13 petition in bankruptcy, the property of the debtor becomes property of the bankruptcy estate.  See 11 U.S.C. §§ 1306(a); 541(a).  After the property comes into the estate, the debtor has the opportunity to exempt certain items under 11 U.S.C. § 522(b).  Congress specified the type of property that a debtor may exempt in 11 U.S.C. § 522(d).  Congress also allows states to opt out of the federal exemptions and set their own exemptions.

3

See 11 U.S.C. § 522(b). Georgia has elected to exercise this right and has set forth its own list of exemptions. See Ga. Code Ann. § 44-13-100(b). Georgia's exemptions are identical to those found in the federal bankruptcy code, except that Georgia has lowered the caps on certain values that the debtor may exempt.

Once the debtor has listed his or her exemptions, the trustee meets with the creditors. See 11 U.S.C. § 341. After this meeting, the trustee and creditors have 30 days to object to the exemptions. See Fed. R. Bankr. P. 4003.[1] "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. 522(l); see also Taylor v. Freeland & Kronz, 503 U.S. 638, 643 (1992). "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case," with certain exceptions. See 11 U.S.C. 522(c). "Once the property is removed from the estate [through exemption], the debtor may use it as his own." Hall v. Finance One of Georgia, Inc. (In re Hall), 752 F.2d 582, 584 (11th Cir. 1985), abrogated on other grounds by Finance One v. Bland (In re Bland), 793 F.2d 1172, 1174 (11th Cir. 1986) (en banc).

Neither the trustee nor any creditor objected to the Gambles' exemption of the Illinois property from the bankruptcy estate. Thus, the property became exempt. The plain language of

---

[1] According to Federal Rule of Bankruptcy Procedure 4003:

[t]he trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors . . . or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Fed. R. Bankr. P. 4003.

4

the bankruptcy code and precedent from this court are clear that exempt property is no longer part of the bankruptcy estate, and is available for the debtor's use. See 11 U.S.C. § 522(c) and (l); In re Hall, 752 F.2d at 584.[2]

The bankruptcy court held that although the Gambles' property was exempt, 11 U.S.C. § 522(c) required that it turn the proceeds over to the chapter 13 trustee until they complete their chapter 13 plan. The bankruptcy court focused on the "unless the case is dismissed" phrase from section 522(c) in concluding that "property claimed exempt is property of the estate at filing . . . . [and] [u]pon resolution of any objection to the claim of exemption, it is carved out of the estate, but is not freed from the claims of pre-petition creditors until the case is concluded - and thus cannot be dismissed." The bankruptcy court also discussed the differences between chapters 7 and 13 (Taylor was a chapter 7 case), and stated its concern that "unfettered use of the [exempted] property would, defacto or dejure, potentially result in property being placed beyond the reach of creditors' claims prior to the time that debtor's Chapter 13 plan is consummated by distribution of the monthly payments of debtor's disposable income."[3] Fearful of creditors being unable to reach this property, the bankruptcy court held that exempted property "must be safeguarded and preserved in the event of a dismissal."

We find the bankruptcy court's reasoning unpersuasive. This court held in Hall that once the debtor lists property as exempt from the estate, and neither the trustee nor the creditors object

---

[2] We recognize that the bankruptcy code provides that exempt property remains subject to certain liens. See 11 U.S.C. § 522(c)(2).

[3] The bankruptcy court highlighted the following differences between chapter 7 and chapter 13: (1) under chapter 13, after confirmation the estate property vests in the debtor; see 11 U.S.C. § 1327(b); and (2) debtors have the right to dismiss a chapter 13 case at any time; see 11 U.S.C. § 1307(b).

during the 30-day time period, the property no longer belongs to the estate and the debtor "may use it as his own." In re Hall, 752 F.2d at 584. The plain language of the bankruptcy code concerning exempt property states that "property claimed as exempt on such list is exempt." 11 U.S.C. 522(l). To follow the bankruptcy court's holding would cause us to disregard this time period for objecting, and in effect, extend the period for objecting to these exemptions until a debtor has completed the bankruptcy plan. See, e.g., Taylor, 503 U.S. at 644 ("[d]eadlines [under rule 4003] may lead to unwelcome results, but they prompt parties to act and they produce finality.")

Additionally, the language of section 522(c) states that "[u]nless the case is dismissed," the property that the debtor exempted is not liable during or after the case. Congress chose not to utilize more forgiving conditional language regarding exemptions. We disagree with the bankruptcy court's disregarding clear statutory language and holding that the trustee should safeguard the exempted property "in the event of a dismissal." Finally, although the bankruptcy court believes that the differences between chapters 7 and 13 warrant different results with exemptions, we cannot ignore In re Hall and the fact that chapter 13 uses the same exemptions under section 522 as chapter 7. Accordingly, we reverse the district court's order denying turnover of the Gambles' exempt property and remand this case with instructions to turn over the exempt property.

**REVERSED and REMANDED.**