**In re Karl TOLLIVER and Jacqueline Tolliver, Debtors.**

**No. 98–9637–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 12, 2000.

Lansing J. Roy, for Debtors.

Marsha M. Brown, Jacksonville, FL, for Trustee.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Motion to Modify Confirmed Chapter 13 Plan filed by Trustee on September 12, 2000. In lieu of oral argument, the Court instructed the parties to submit written memoranda. Upon the evidence presented and the submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Debtors filed a voluntary petition for relief under Chapter 13 on November 10, 1998. (Doc. 1.)

2. Karl Tolliver ("Tolliver") sued Remsen Alloys, Inc., his former employer, ("Remsen") for employment discrimination and for worker's compensation for injuries sustained on the job.

3. Debtors did not list proceeds from any lawsuit as exempt property on their Schedule C, Property Claimed as Exempt, nor did they indicate on their Statement of Financial Affairs that Tolliver was a party to a suit. (Doc. 9.) Debtors have not amended their bankruptcy schedules to claim the proceeds of any lawsuit as exempt.

4. On October 19, 1999 the Court confirmed Debtors' Chapter 13 plan which provided for payments of $41.61 in months 1–10 and $66.76 in months 11–36, resulting in an approximate 6% pay-out to unsecured claimants. (Doc. 38.)

5. Subsequent to the plan's confirmation, Tolliver settled his employment discrimination claim against Remsen for $3,500.00, the net proceeds of which were $1,788.74.[1] The net proceeds were forwarded to Trustee. (Debtors' Ex. 1.)

6. Tolliver also settled his worker's compensation claim against Remsen, the net proceeds of which were $3,300.00. The worker's compensation proceeds were also sent to Trustee. (Debtors' Ex. 2.)

7. The Trustee was not aware of the proceeds prior to confirmation of the plan. (Tr.'s Mem. at 2.)

8. On June 2, 2000 Trustee filed Modified Confirmed Chapter 13 plan. The sole modification to Debtors' confirmed plan is a provision which provides that the proceeds of any litigation between Tolliver and Remsen are to be paid to Trustee. (Doc. 41.)

9. On June 9, 2000 Debtors filed Objection to Proposed Modified Confirmed Plan. (Doc. 43.)

10. Debtors do not object to the employment discrimination net proceeds of $1,788.74 being paid to their unsecured creditors.

11. However, Debtors object to the worker's compensation proceeds of $3,300.00 being paid to the unsecured creditors.

12. On September 12, 2000 the Court held a hearing. (Doc. 46.) Debtors did not offer any evidence that the proceeds are reasonably necessary for their maintenance or support.

## CONCLUSIONS OF LAW

The Trustee seeks to modify Debtors' plan on the basis that the proceeds of the worker's compensation claim are disposable income.[2] Relying on this Court's decision in *In re Fraley*, 148 B.R. 635 (Bankr. M.D.Fla.1992), Debtors assert that the proceeds are exempt property pursuant to FLA. STAT. ch. 440.22. *Fraley* was a Chapter 7 case in which the debtor claimed worker's compensation proceeds

---

1. Attorney's fees of $1,400.00 and costs of $311.26 were deducted from the total amount.

2. If the Trustee or an unsecured creditor objects to confirmation, 11 U.S.C. § 1325(b) requires that a debtor pay 100% to unsecured creditors or contribute to the plan all of his projected disposable income to be received during the first three years of the plan. Disposable income is income that is not reasonably necessary for the maintenance or support of a debtor or his dependents. 11 U.S.C. § 1325(b)(West 2000). The procedural posture of this case is a motion to modify a confirmed chapter 13 plan rather than an objection to confirmation of the plan. However, because Debtors failed to inform the Trustee of the potential settlement proceeds or of Tolliver's involvement in a lawsuit prior to entry of the confirmation order, the Court could not previously make an appropriate determination as to whether the proceeds constituted disposable income. *See In re Studer*, 237 B.R. 189, 192 (Bankr.M.D.Fla.1998). Accordingly, the Court now addresses the issue.

that had been deposited into a bank account as exempt property on her schedules. *See id.* at 636. The Chapter 7 Trustee filed an objection to the debtor's claim of exemptions. *See id.* Analyzing the statute, the Court concluded that the claim of exemptions was proper and overruled the Trustee's objection. *See id.* at 636–637. Debtors' reliance on *Fraley* is misplaced. Because Debtors have not amended their Schedule C to claim the proceeds of Tolliver's worker's compensation claim as exempt, *Fraley* is inapposite to the instant case. The Trustee points out that even if Debtors amend their schedules to claim the proceeds as exempt, the proceeds are disposable income. Debtors argue that exempt property is not disposable income.

**Income claimed as exempt-Disposable Income in a Chapter 13?**

 Chapter 13 debtors are entitled to claim the same exemptions as Chapter 7 debtors. 11 U.S.C. §§ 103(a) and 522 (West 2000). However, the purpose of exemptions in Chapter 13 is different from that in Chapter 7. "Legislative history indicates that in a liquidation exemptions are meant to 'protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his non-exempt property, the debtor will not be left destitute and a public charge.' " *See In re Schnabel,* 153 B.R. 809, 817 (Bankr.N.D.Ill.1993) (quoting H.R. REP. NO. 95–595 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 5963). However, because the fresh start in Chapter 13 is protected by a debtor's ability to retain non-disposable income rather than exempt assets, the importance of exemptions is diminished. *See Schnabel,* 153 B.R. at 817.

 Relying on the plain language of § 1325(b), which does not exclude or include income on the basis of its exempt or non-exempt status, a substantial majority of courts have held that exempt income must be considered in a court's determination of whether the disposable income test

is satisfied. *See Schnabel,* 153 B.R. at 817; *Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 796 (9th Cir. BAP 1995) (holding social security disability benefits subject to disposable income test); *Watters v. McRoberts (In re McRoberts)* 167 B.R. 146, 147 (S.D.Ill.1994) (holding lump sum personal injury recovery disposable income); *In re Pendleton,* 225 B.R. 425, 427 (Bankr. E.D.Ark.1998) (holding proceeds of personal injury cause of action previously claimed as exempt disposable income); *In re Hagel,* 171 B.R. 686, 689 (Bankr. D.Mont.1994) (holding social security disability income subject to disposable income test); *In re Lush,* 213 B.R. 152, 155 (Bankr.C.D.Ill.1997) (holding worker's compensation claim, although exempt under state law, disposable income); *Gaertner v. Claude (In re Claude)* 206 B.R. 374, 380–381 (Bankr.W.D.Pa.1997) (holding personal bodily injury settlement proceeds subject to disposable income test); *Cf. Taylor v. United States of America (In re Taylor),* 212 F.3d 395 (8th Cir.2000) (affirming bankruptcy court's dismissal of debtors' chapter 7 case for substantial abuse because exempt pension would be disposable income in Chapter 13); *Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1289 (8th Cir.1997) (reversing bankruptcy court's ruling denying trustee's motion to dismiss for substantial abuse on basis that monthly lifetime worker's compensation benefits would constitute disposable income in Chapter 13 case); *In re Morse,* 164 B.R. 651, 656 (Bankr.E.D.Wash.1994) (holding exempt income included in calculating Chapter 7 debtors' disposable income to determine whether to dismiss case for substantial abuse); *In re Jackson,* 173 B.R. 168, 171 (Bankr.E.D.Mo.1994) (holding exempt worker's compensation proceeds subject to disposable income test); *In re Minor,* 177 B.R. 576, 583 (Bankr. E.D.Tenn.1995) (holding lump sum worker's compensation proceeds subject to disposable income test); *But see In re Ferretti,* 203 B.R. 796, 800 (Bankr.S.D.Fla.1996) (holding exempted personal injury pro-

ceeds not disposable income); *In re To-masso,* 98 B.R. 513, 515 (Bankr.S.D.Cal. 1989) (same); *In re Baker,* 194 B.R. 881, 885 (Bankr.S.D.Cal.1996) (holding exempt life insurance proceeds not disposable income).

In *Ferretti* the debtor claimed as exempt the proceeds of an automobile accident claim. *See id.* at 796–797. Neither the Trustee nor any creditor objected to the exemption. *See id.* Relying on the notion that property exempted pursuant to § 522(c) is protected from pre-petition debts, and that the inclusion of such property in the § 1325(b)(2) disposable analysis results in a conflict between the two, the court held that the proceeds of the automobile accident claim were not to be included in the disposable income analysis. *See id.* The Eleventh Circuit Court of Appeals has also held that property claimed as exempt to which no timely objection is filed does not belong to the estate and the debtor "may use it as his own." *Gamble v. Brown (In re Gamble),* 168 F.3d 442, 445 (11th Cir.1999).[3] Because the worker's compensation proceeds in the instant case have not been exempted pursuant to 11 U.S.C. § 522(c), the Court does not find the reasoning of *Ferretti* and *Gamble* applicable.

In light of the diminished importance of exemptions in Chapter 13 and the plain language of § 1325(b)(2), the Court holds that the worker's compensation proceeds are subject to the disposable income analysis. Debtors did not offer evidence that the proceeds are reasonably necessary for their maintenance or support or that of their dependents. Accordingly, the proceeds are disposable income and are subject to distribution by the Trustee.

### CONCLUSION

The proceeds of the worker's compensation settlement are disposable income and are subject to distribution by the Trustee. The Court will grant the Trustee's Motion to Modify Confirmed Plan. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

---

**3.** The court has not, however, addressed the issue of whether property claimed as exempt, to which a timely objection is filed, is subject to the disposable income analysis.