**In re Charles Irvin FLORIDA and Linda Carol Florida, Debtors.**

**No. 99–00894–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 25, 2001.

David J. Pinkston, Jacksonville, Florida, for debtors.

Mamie L. Davis, Jacksonville, Florida, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Debtors' objection to the Third Modified Confirmed Chapter plan filed by the Chapter 13 Trustee, Mamie L. Davis. An evidentiary hearing was held on April 4, 2001. The Court continued the hearing to June 26, 2001, in order for counsel to obtain the life insurance policy of the deceased Debtor, Charles Irvin Florida. In lieu of oral argument the Court instructed the parties to submit written memoranda. Upon the evidence presented and submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On February 9, 1999, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. (Doc. 1.)

2. On February 25, 1999, Debtors filed their schedules and Statements of Affairs. (Doc. 11.)

3. Debtors declared Debtor Husband's life insurance policy ·as exempt on Schedule C. Debtors valued this life insurance policy at $8,000.00. (Debtors' Ex. 1.)

4. There were no objections within 30 days to Debtors' exemption of the life insurance policy. (Debtors' Ex. 3.)

5. On November 16, 1999, the Court confirmed Debtors' Chapter 13 plan. (Doc. 34.)

6. On October 12, 2000, Debtor Husband died and a suggestion of death was filed with the Court on October 26, 2000. (Doc. 38.)

7. Debtors filed no amendments to Schedule C. (Doc. 11.)

8. On December 20, 2000, Debtor Wife filed amendments to Schedules I and J, which reflected a decrease in income and expenses following Debtor Husband's death. (Doc. 42.) Total income was amended from $3,494.67 to $1,200.00 monthly. Expenses were amended from $1,002.67 to $474.00 monthly. The amended figures left Debtor Wife with excess income of $726.00 that was to be paid into the Chapter 13 plan. The amended schedules did not acknowledge or account for any of the life insurance proceeds received by Debtor Wife.

9. On January 9, 2001, Debtor Wife served Notice of Second Modification of Confirmed Chapter 13 Plan. (Doc. 41.) The modification reduced Debtor's monthly plan payment. The modification did not acknowledge receipt or indicate any use of the life insurance proceeds received by Debtor Wife.

10. February 1, 2001, the Court entered an Order Granting Second Plan Modification. (Doc. 47.)

11. Subsequent to the Order Granting Second Plan Modification, the Trustee learned Debtor Wife received insurance proceeds in excess of $101,000.00

12. On February 21, 2001, the Trustee filed Notice of Third Modified Confirmed Chapter 13 Plan. (Doc. 51.) The modification sought to pay the unsecured creditors in full with $41,368.64 from the proceeds of the insurance policy. Unless an objection was filed, the Third Modified Confirmed Plan would take effect 20 days from February 21, 2001.

13. On March 6, 2001, the Debtor filed an objection to the proposed Third Modified Confirmed Chapter 13 Plan. (Doc. 53.)

14. On April 4, 2001, the Court heard evidence on the proposed Chapter 13 Trustee's Third Modified Confirmed Plan. Debtor Wife testified she received $101,112.30 in life insurance proceeds from the death of her husband. Debtor Wife testified she used the proceeds to pay her husband's funeral expenses and hospital bills, living expenses. Debtor Wife testified she used the proceeds to pay for roof repairs and her medical expenses and has approximately $53,000.00 of the proceeds remaining. Debtor Wife also testified that she is permanently unable to work due to a motor vehicle accident, which has made her dependent on the life insurance proceeds for living expenses and Chapter 13 plan payments.

15. The terms of the life insurance policy indicate it will pay $100,000.00 in proceeds upon the death of Debtor Husband and the policy had a cash surrender value of $7,003.55 in 1999.

16. On June 26, 2001, the hearing concluded.

17. As of September 25, 2001, Debtor Wife has not amended any filings or schedules as a result of the injuries she received from the motor vehicle accident.

### CONCLUSIONS OF LAW

The Trustee seeks to modify Debtors' plan on the basis that $41,368.64 of the proceeds of Debtor Husband's insurance policy is part of the bankruptcy estate and considered disposable income.[1] Debtor Wife asserts that all of the proceeds are exempt from the bankruptcy estate and therefore, immune from treatment as disposable income. Debtor Wife further asserts that, if such proceeds are included within the bankruptcy estate, the proceeds are not disposable income, because they are reasonably necessary for her maintenance and support.

### A. Are the proceeds of an exempt insurance policy subject to treatment as disposable income?

#### 1. The Chapter 13 Bankruptcy Estate and Exemptions

The Chapter 13 bankruptcy estate includes all property of the kind as specified in § 541 that the debtor acquires after the commencement of the case until the case is dismissed, or converted, whichever comes first. 11 U.S.C. § 1306(a) (West 2001). Specifically, § 541(a)(5)(C) includes beneficiary interests in life insurance policies as property of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(C) (West 2001)

However, under § 522(b), the debtor may declare the value of certain property as exempt from inclusion in the bankruptcy estate. 11 U.S.C. § 522(b) (West 2001). Value means the fair market value at the date of filing of the petition. 11 U.S.C. § 522(a)(2) (West 2001). Once property is exempted from the bankruptcy estate, that property is no longer available for the repayment of creditors. 11 U.S.C. 522(c) (West 2001). The procedure for declaring exemptions is listed at § 522(1), which states: "The debtor shall file a list of property that the debtor claims as exempt ... Unless a party in interest objects, the property claimed as exempt on

---

**1.** Upon a proper objection, the Chapter 13 plan will not be confirmed unless the plan provides that the debtor will pay all unsecured, nonpriority claims or will apply all disposable income to the plan payments. 11 U.S.C. § 1325(b) (West 2001). "Disposable income," is defined as income not reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2) (West 2001).

such list is exempt." 11 U.S.C. § 522(1) (West 2001).

■ In general, parties in interest may object to an exemption claimed by the debtor within 30 days after the § 341(a) meeting of creditors. Fed.R.Bankr.P. 4003(b); (West 2001); 11 U.S.C. § 341(a) (West 2001). Rule 4003(b) and § 522(1) operate to place the burden on the debtor to declare exemptions and the burden on the parties in interest to raise objections to the declared exemptions. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

■ When faced with a proper claim of exemption, courts strictly construe § 522(1) and Rule 4003(b). *See Gamble v. Brown (In re Gamble)*, 168 F.3d 442, 445 (11th Cir.1999). The Supreme Court has held that the trustee cannot challenge the validity of a declared exemption when the trustee failed to make a timely objection, even if the objection would have been successful. *Taylor*, 503 U.S. at 642, 112 S.Ct. 1644. By failing to timely object, the property declared as exempt no longer belongs to the estate and the debtor "may use it as his own." *Gamble*, 168 F.3d at 445, quoting, *In re Hall*, 752 F.2d 582, 584 (11th Cir.1985). The policy behind this strict construction is that holding otherwise would cause courts to disregard the statutory time period to object to claims of exemption. *See id.*

### 2. Proceeds from Exempt Property in Chapter 13 Bankruptcy

■ While § 103 permits Chapter 7 and 13 debtors to declare the same property as exempt, exemptions assume a diminished importance in Chapter 13 bankruptcy. *In re Tolliver*, 257 B.R. 98, 100 (Bankr.M.D.Fla.2000). A majority of courts have held § 522(c) does not render income from exempt property immune from treatment as disposable income. *Id.*

at 101 (listing courts standing in the majority and adopting their reasoning). Primarily, this majority rule is based on the fundamental differences between Chapter 7 and Chapter 13 bankruptcy. In Chapter 7 bankruptcy debtors liquidate non-exempt assets to pay creditors. The fresh start in Chapter 7 is protected by a debtor's ability to retain exempt assets and post-petition income. *Id.* at 100, citing, *In re Schnabel*, 153 B.R. 809, 817 (Bankr.N.D.Ill.1993). Unlike Chapter 7 liquidation, Chapter 13 debtors retain all of their assets, so long as available post-petition income is used to pay creditors. The fresh start in Chapter 13 is protected by a debtor's ability to retain non-disposable income rather than exempt assets. *Id.* Thus, the majority rule is primarily based on Courts' reluctance to ignore the structure and effect of Chapter 13 bankruptcy. Additionally, the majority rule is based on the plain language of § 1325(b)(2)(A), which states: "'[D]isposable Income' means income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ..." 11 U.S.C. 1325(b)(2)(A) (West 2001). The definition of disposable income neither includes nor excludes income on the basis of its exempt or non-exempt status. *Tolliver*, 257 B.R. at 100. As a result, exemptions take on a diminished importance in Chapter 13 bankruptcy. *Id.*

Debtor Wife urges the Court to follow *In re Graham*, 258 B.R. 286 (Bankr. M.D.Fla.2001). *Graham* held that when a Chapter 13 debtor's claim of exemption is *conclusively established* (Emphasis added), income from exempt property is not subject to treatment as disposable income. *See Id.* at 293.

### 3. Application in the Instant Case

■ This Court finds the reasoning in *Graham* inapplicable in the instant case.

The exemption at issue in this case does not correspond with the examples [2] of conclusively established exemptions cited in *Graham*. *Graham*, 258 B.R. at 291. According to the examples cited in *Graham*, a claim of exemption is conclusively established when one of three rules applies. As a general rule, the proceeds must be specifically declared exempt, without objection. *See, Taylor*, 503 U.S. at 639 & 642, 112 S.Ct. 1644; *In re Hunton*, 253 B.R. 580, 581 (Bankr.N.D.Ga.2000); *Tolliver*, 257 B.R. at 99. As an exception to the general rule, proceeds that are not declared exempt can be exempt, if the proceeds: (1) are derived from property claimed as exempt and (2) are less than the value of the property claimed to be exempt. *See, Gamble*, 168 F.3d at 444. As an exception to the exception, when the proceeds are greater than the value of the property declared exempt, the proceeds can be exempt if the value of the property claimed to be exempt could not be reasonably determined. *See, In re Ferretti*, 203 B.R. 796, 797 (Bankr.S.D.Fla.1996).

First, in the instant case Debtor Wife did not declare the insurance proceeds as exempt. Second, Debtor Wife received $101,222.30 in proceeds, an amount greater than the $8,000.00 value of the policy declared as exempt. Third, the value of the insurance proceeds was reasonably determinable, as the terms in the policy valued the proceeds at $100,000.00. Thus, Debtor's exemption of an insurance policy valued at $8,000.00 does not conclusively establish Debtor Wife is entitled to an additional, undeclared exemption for insurance proceeds valued at $101,222.30.

The Court holds that the $41,368.64 of insurance proceeds at issue is subject to treatment as disposable income. Having found the insurance proceeds are subject to treatment as disposable income, the court must determine how much, if any, of the proceeds are reasonably necessary for the maintenance and support of Debtor Wife under § 1325(b)(2). 11 U.S.C. 1325(b)(2) (West 2001.)

**B. How much of the insurance proceeds are reasonably necessary for maintenance and support?**

**1. The Disposable Income Test**

██ Under the disposable income test, the bankruptcy court subtracts the debtor's reasonably necessary budgeted expenses from the debtor's total income to determine if any money remains. *Sparagna v. Metzger (In re Metzger)*, 232 B.R. 658, 664 (Bankr.E.D.Va.1999). The money that remains is disposable income that must be used to pay the unsecured, nonpriority claims pursuant to § 1325(b). 11 U.S.C. § 1325(b) (West 2001.)

Debtor Wife urges this Court to follow the reasoning in *In re Humphrey*, 165 B.R. 508 (Bankr.M.D.Fla.1994). *Humphrey* holds that the disposable income test does not apply to good faith expenditures that deviate from the Chapter 13 plan. *Id.* at 510.

**2. Application in the Instant Case**

██ This Court finds the reasoning in *Humphrey* inapplicable in the instant case. The issues in the instant case and *Humphrey* do not correspond. This case involves the receipt of insurance proceeds

2. *Graham* cited *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Gamble v. Brown (In re Gamble)*, 168 F.3d 442 (11th Cir.1999); *In re Hunton*, 253 B.R. 580 (Bankr.N.D.Ga.2000); and *In re Ferretti*, 203 B.R. 796 (Bankr.S.D.Fla.1996) as examples of when a claim of exemptions was conclusively established and cited *In re Tolliver*, 257 B.R. 98 (Bankr.M.D.Fla.2000) as an example of when a claim of exemption was not conclusively established.

and not any contested expenditures that may affect disposable income.

The receipt of insurance proceeds as income had no effect on Debtor Wife's Chapter 13 plan expenses. Following the death of Debtor Husband, Debtor Wife submitted supplemental filings due to the changed circumstances. These supplemental filings reflected the loss of Debtor Husband's income. Debtor Wife amended her Schedule I and J reducing total monthly income to $1,200.00. Of this monthly income $726.00 amounted to disposable income and $474.00 amounted to expenses. An increase in Debtor Wife's income in the form of insurance proceeds did not cause an increase in her expenses. Debtor Wife's $474.00 in expenses remained constant regardless of whether she received insurance proceeds. Because Debtor Wife's expenses remained constant, the income from the insurance proceeds constituted disposable income available for the repayment of creditors.

Debtor Wife also argues that the injuries she sustained in a motor vehicle accident have made the insurance proceeds reasonably necessary for her maintenance and support. Yet, there was no evidence presented at the hearing regarding how the injuries affect Debtor Wife's expenses and disposable income. In addition, Debtor Wife did not present evidence regarding whether she has amended any filings or schedules as a result of the injuries. Thus, this Court cannot find that Debtor Wife's accident injuries have made the insurance proceeds reasonably necessary for her maintenance and support.

The Court holds that, based on the evidence, the $41,368.64 in insurance proceeds at issue is not reasonably necessary for Debtor Wife's support and maintenance and is therefore disposable income.

## CONCLUSION

The $41,368.64 of insurance proceeds at issue are disposable income and are subject to distribution by the Trustee. The Court will grant the Trustee's Motion for Confirmation of a Third Modified Confirmed Chapter 13 Plan. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.