In re Ronald W. GEBO, Debtor.

No. 02–7202–9P3.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 18, 2002.

Edward R. Miller, Miller and Hollander, Naples, FL, for debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### ORDER ON OBJECTION TO DEBTOR'S PLAN AND OBJECTION TO CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 13 case of Ronald W. Gebo (Debtor) is an "Objection to the Debtor's Plan and Objection to Confirmation," filed by Ameriquest Mortgage Company (Ameriquest). It is the contention of Ameriquest that the Debtor's Plan violates the anti-modification provision of Section 1322(b)(2) of the Code, and therefore it cannot be confirmed. The Chapter 13 Trustee also voiced an Objection to the confirmation of the Plan albeit informally at the duly noticed hearing on confirmation of the Debt-

or's plan. The Chapter 13 Trustee contends that the Debtor failed to devote all his disposable income to fund his Plan, thus failing to comply with Section 1325(b)(1)(B) of the Code.

The following facts relevant to the issues raised by both Objections are without dispute and as appear in part from the record of the Debtor's Chapter 13 case, and in part and based on the facts admitted by the Debtor, can be summarized as follows:

 Ameriquest filed is secured claim in the amount of $5,324.34, representing the pre-petition arrearages secured only by the principal residence of the Debtor. The proof of claim was properly executed and timely filed by Ameriquest. Accordingly, it carries a presumption of validity by virtue of F.R.B.P. 3001(f). Unless it is challenged by a proper objection, it is automatically allowed pursuant to F.R.B.P. 3002(a). In the present instance, there was no objection to the claim of Ameriquest. Thus, the claim filed by Ameriquest as a secured claim is allowed and must be satisfied in full. The Debtor's proposal to pay only $3,656, rather than the allowed amount violates the anti-modification provision of Section 1322(b)(2) of the Code. Therefore, the Plan cannot be confirmed as filed by virtue of Section 1325(a)(1) of the Code.

Assuming that the Debtor agrees to amend the Plan and propose to pay the allowed claim of Ameriquest in full, there still remains the Chapter 13 Trustee's Objection based on the contention that the Debtor's Plan fails to comply with Section 1325(b)(1)(B) of the Code.

The underlying facts germane to this Objection are without dispute and agreed by counsel for the Debtor to be true and they are as follows:

The Debtor filed his Petition for Relief under Chapter 13 on April 15, 2002. The Debtor scheduled on his Schedule "B," a claim for workman's compensation and on his Schedule "C," claimed the same as exempt. No objection was filed within the period of time for objections fixed by F.R.B.P. 4003(b), and the claim was allowed as exempt. It also without dispute that the Debtor received the amount of $39,000, in settlement of his workman's compensation claim after the commencement of this case. None of the settlement funds were devoted to fund either in whole or in part the Chapter 13 Plan.

 It is the contention of the Debtor, in challenging the Trustee's informal objection to confirmation, that the funds received in settlement of his workman's compensation was claimed and allowed as exempt and is no longer property of the Debtor's estate. The Debtor contends therefore, that it should not to be considered in determining the Debtor's "disposable income" when considering the compliance of the Debtor with Section 1325(b)(1)(b) of the Code.

In support of this proposition, the Debtor cites the case of *Gamble v. Brown (In re Gamble)*, 168 F.3d 442 (11th Cir.1999). The Eleventh Circuit in *Gamble* held that "once the debtor lists property as exempt from the estate, and neither the trustee nor the creditors object during the 30–day period, the property no longer belongs to the estate and the debtor 'may use it as its own.'" *Gamble*, 168 F.3d at 445, *citing In re Hall*, 752 F.2d 582, 584 (11th Cir.1985). The Debtor also relies on the case of *In re Graham*, 258 B.R. 286 (Bankr.M.D.Fla. 2001). In *Graham*, Judge Funk, a bankruptcy judge of this District, held that the proceeds the chapter 13 debtors received, post-petition, from a settlement of a personal injury claim, which were previously exempted, were not to be included in their disposable income. While Judge Funk recognized that the vast majority of courts that have addressed the exemption of dis-

posable income issue held that exempt property is not immune from treatment as "disposable income," he held that based on the case of *In re Gamble, supra,* Gamble controls disputes over the application of the "disposable income test." He also cited the case of *In re Hunton,* 253 B.R. 580 (Bankr.N.D.Ga.2000). The court in *Hunton* found the issue is controlled by *Gamble.*

A close analysis of facts involved in *Gamble* leaves no doubt that the holding of *Gamble* is less than persuasive to serve as controlling authority of the precise and discrete issue present in the instant case. *Gamble* did not involve the question of whether the debtor's exempt property should be included in considering the "disposable income test" when considering the confirmability of a chapter 13 plan. The holding of the court in *Gamble* was nothing more than the undisputable principle which is: once property is allowed as exempt, it is no longer property of the estate and the debtor *cannot be forced to use those funds to satisfy the claims of creditors.* This conclusion is not opposite to the view of the majority that exempt property may be considered when applying the "disposable income test" in a chapter 13 case.

In fact, the vast majority of courts hold that even exempt property must be included in "disposable income" devoted to a Chapter 13 plan. *See In re Hagel,* 184 B.R. 793 (9th Cir. BAP 1995)(income from social security disability payments included in disposable income devoted to Chapter 13 plan); *In re Koch,* 109 F.3d 1285 (8th Cir.1997) (worker's compensation benefits, exempt under state law, included in Section 1325(b)(1)(B) disposable income test to determine whether dismissal under Section 707(b) was warranted).

In applying the test, this Court does not compel a liquidation of a debtor's exempt property but merely considers whether a debtor, who supposedly voluntarily submits his disposable income to fund a plan, should be permitted to retain very substantial properties as exempt and offer to pay under the plan to creditors *over and extended period, i.e. 36 months,* a fraction of their claims when devoting a portion of the exempt funds could satisfy in full all allowed claims by immediate payment. To accept this proposition brings into question a debtor's "good faith," which is also a condition to the confirmation of a chapter 13 plan. Section 1325a(9)(a)(3). *See In re Solomon,* 67 F.3d 1128 (4th Cir.1995). In *Solomon,* the court remanded the case to the bankruptcy court to consider whether the plan was proposed in good faith.

In sum, this Debtor has a choice and can elect to seek relief under chapter 7 and keep the finds allowed as exempt, or seek relief under chapter 13 and use its liberal and remedial provisions to save the family home from loss through foreclosure sale. But if that is the Debtor's choice, it is unfair and grossly inequitable and smacks of bad faith to immunize exempt funds by excluding them from the "disposable income test." It is notable that a debtor's workmen's compensation benefits exempt under the applicable non-bankruptcy law was properly considered in the context of a dismissal of a chapter 7 case pursuant to Section 707(b) of the Code, based on substantial abuse. *In re Koch, supra.* An adverse ruling would have placed in jeopardy the most valuable benefit of a chapter 7 case: the loss of the discharge.

For the reasons stated, this Court is satisfied that the proceeds of the settlement received by this Debtor, post-petition, is not excluded when the "disposable income test" *considered in the context of the confirmation of the Plan proposed by the Debtor in a chapter 13 case.*

Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Objection to Debtor's Plan and Objection to Confirmation be,

and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Chapter 13 Trustee's *ore tenus* objection to the Plan proposed by Debtor be, and the same is hereby, sustained. Confirmation is denied without prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor may file an amended chapter 13 plan within 15 days of the entry of this Order which will be funded to the extent it satisfies the "disposable income test."